UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEREA L. OWENS,

        Plaintiff,                               CIVIL ACTION NO. 07-14108

        v.                                        DISTRICT JUDGE PAUL V. GADOLA

COMMISSIONER OF                   MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for judicial review of the defendant's decision denying plaintiff's application for Social Security disability benefits and supplemental security income (SSI). Plaintiff, a 27 year old mother of three with a tenth grade education who formerly worked as a stocker, bagger and assembly line worker, alleged that she became disabled July 1, 1999, due to problems with her memory and focus as well as back and ankle pain that limited her ability to sit and stand. The ALJ determined that plaintiff had borderline intellectual functioning and depression, but that she retained the residual functional capacity for unskilled work with simple one and two step instructions. Such work included plaintiff's past relevant work as a bagger. Thus, the ALJ determined that plaintiff was not disabled. Plaintiff contends that this determination is not supported by substantial evidence. Defendant contends otherwise. For the

reasons discussed in this Report, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying benefits be affirmed.

*Legal Standards*

    *A. Disability Evaluation*

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims. 20 C.F.R. § 404.1520. In Foster, 279 F.3d at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed

impairment." If the impairment does not meet or equal a listed
impairment, the fourth step requires the claimant to prove that she
is incapable of performing work that she has done in the past.
Finally, if the claimant's impairment is so severe as to preclude the
performance of past work, then other factors, including age,
education, past work experience, and residual functional capacity
must be considered to determine if other work can be performed.
The burden shifts to the Commissioner at this fifth step to establish
the claimant's ability to do other work.

*B. Standard of Review*

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

*Analysis*

It should be noted that this is not plaintiff's first application for disability benefits. Plaintiff received child's disability benefits from 1992 to 1996. She then filed for disability benefits as an adult and that previous application was denied on July 24, 2002 and not appealed. Thus, the determination that she was not disabled up until that date is *res judicata*. (Tr. 19) Because plaintiff has not met the insured status requirement for disability under the Act since that time, her claim is essentially one limited to SSI.[1] (Tr. 23)

Plaintiff has no physical limitations that would prevent the performance of the work identified. Medical records show that plaintiff has been on medication for hypertension, and that this condition is well controlled with treatment. Spinal meningitis as a child left her with some hearing loss in the left ear. However, plaintiff does not wear hearing aids and can hear normal conversation. (Tr. 87 [report of daily activities include phone calls], 152 [mental status evaluation], 156 [examination]). X-rays of plaintiff's ankles taken in response to her complaints of pain and swelling in June 2003 show mild degenerative changes around the joints but otherwise the study was negative. (Tr. 129) Plaintiff takes no medication for pain, although says she can stand less than five minutes and lift less than 5 pounds, and sit for only ten minutes. (Tr. 81-82) These impairments do not interfere with her ability to work and were therefore held to be "not severe." (Tr. 22-23)

---

[1]Income is reflected on plaintiff's social security record. However, it appears that plaintiff did not work, but she signed forms that fraudulently reported self employment income to the IRS. Plaintiff was apparently duped into signing the forms prepared by an unidentified woman who came to her house who then fraudulently obtained a refund. (Tr. 240-245)

Plaintiff contends that her mental impairments, including difficulty in maintaining concentration, persistence and pace, and other psychological problems prevent her from performing her past relevant work as a bagger.  The ALJ found that plaintiff's borderline intellectual functioning and depression were "severe" based on the applicable regulations, 20 CFR § 404.1520(c) and § 416.920(c).  With respect to her mental impairments, plaintiff said she lost her temper every other day and threw objects but that medications calmed her down.  (Tr. 247-48)  She testified that she treats with Dr. Gottlieb but no reports from him were submitted.  She is a licensed driver, but she does not drive because of the side effects of her medication.  Plaintiff states that she has a learning disability and was in special education classes in high school.  Plaintiff has undergone several psychological evaluations and I.Q. tests.  Dr. Nancy Koenig-Forbes, Ph.D., examined plaintiff in 2002 and found that her scores were in the mentally retarded range but without evidence of a learning disorder.  Plaintiff's full scale IQ test was 61.  At the 95 percent level of confidence, Dr. Forbes found that plaintiff's true verbal score was 59 to 69, her true performance scale was 60 to 74, and her true Full Scale IQ was 58 to 66.  (Tr. 152)  Dr. Forbes found that plaintiff was in contact with reality, had lowered self-esteem, appropriate motor activity, clear and understandable speech, moderate cadence and volume, limited vocabulary and verbal expression, thoughts are organized with no abnormal though processes noted.  Plaintiff stated that she is never happy, usually she feels ok, but often sad, depressed, and helpless.  Dr. Forbes diagnosed cognitive disorder, test scores showed EMI and no suspect test behaviors.  (Tr. 148 )  Dr. J. Kim, M.D. diagnosed plaintiff as having major depression and treated her from September, 2002, through March 28, 2003.  She received

psychotherapy and medication.  In late 2004 through 2005, she was still seeing a mental health professional.  (Tr. 220-226)  She reported in July 2005 that she had no temper out bursts, but was tired from her medications which she had started the month before.  She kicked her boyfriend out because he was not helping.  She feels that she could use help coping with her children because the medications make her tired.  The indication was that she was making good progress and plan to go back to school for her GED.  (Tr. 220)

The Mental Residual Functional Capacity Assessment indicates that plaintiff is in general not significantly limited in any area but has moderate limitations (the lowest impairment level) in her ability to remember and understand instructions, maintain attention, and perform activities within a schedule, as well as complete a work week, accept instructions, respond to changes in the work setting, and set realistic goals and plan independently.  (Tr. 175-176)  No doctor or mental health professional has opined that she is unable to perform the work identified by the ALJ and the vocational expert.

Plaintiff contends that the hypothetical propounded to the vocational expert did not accurately portray plaintiff's impairments.  The vocational expert identified plaintiff's past work as a grocery store bagger and as a janitor/cleaner as light, unskilled work which involved only one or two step instructions.  Plaintiff alleges that the ALJ failed to credit her allegations of limitations in concentration, persistence, pace and her difficulties in maintaining concentration.  The ALJ is not obligated to include unsubstantiated complaints and restrictions in his hypothetical questions.  *See Stanley v. Sec'y of Health & Human Servs.,* 39 F.3d 115, 118-19 (6th Cir. 1994).  The ALJ is required to include in the hypothetical questions only those limitations

that accurately portray a claimant's physical and mental impairments. *See Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). Here, the hypothetical question to the vocational expert was based on the objective medical evidence in the record, including the findings of various mental health professionals. Credibility determinations rest with the ALJ. *Brewer v. Social Sec. Admin.* 39 Fed.Appx. 252, 254, 2002 WL 1379012, 1 (C.A.6 (Ky.), 2002), citing *Siterlet v. Sec'y of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987). Plaintiff stated that she was fired from her past positions because she was moving too slow and could not understand. She also testified that she has temper tantrums every other day. (Tr. 247) Yet, just a few weeks before, she told her mental health professional that she was not having temper tantrums and they were controlled with medication. (Tr. 220) Given that the medical evidence did not support plaintiff's complaints, it was not improper for the ALJ to place reliance on the vocational expert's testimony to establish that plaintiff could perform a substantial number of jobs in the economy. Plaintiff has not shown reversible error.

Accordingly, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<u>s/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge

Dated: August 1, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 1, 2008.

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan